# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| TYLER GERING, DAN GRINER, STANLEY RAGIN, and JACKSON KELLEY, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY'S CUSTOM CLOSETS OF ATLANTA, LLC, ANTHONY'S CUSTOM CLOSETS INC., and ANTHONY PERGOLA, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

PLAINTIFFS TYLER GERING, DAN GRINER, STANLEY RAGIN and

JACKSON KELLEY ("Plaintiffs") hereby file this Complaint against

DEFENDANTS ANTHONY'S CUSTOM CLOSETS OF ATLANTA, LLC

("Anthony's of GA"), ANTHONY'S CUSTOM CLOSETS INC. ("Anthony's")

and ANTHONY PERGOLA ("Pergola") and for this cause of action state the

following:

### *Nature of the Claim*

1.     Plaintiffs bring this action to redress Defendants' violations of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.     This action seeks damages for Defendants' retaliatory actions and for unpaid overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3.     This Court has subject-matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.  Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4.     Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5.     Plaintiff Gering is a resident of Hall County, Georgia and was employed by Defendants as a helper from approximately August 2013 to October 2013 at Defendants' office located in Alpharetta, Georgia.

6.      Plaintiff Kelley is a resident of Cherokee County, Georgia and was employed by Defendants as a helper from approximately September 2013 to October 2013 at Defendants' office located in Alpharetta, Georgia.

7.      Plaintiff Ragin is a resident of Dekalb County, Georgia and was employed by Defendants as a helper from approximately August 2013 to October 2013 at Defendants' office located in Alpharetta, Georgia.

8.      Plaintiff Griner is a resident of Dekalb County, Georgia and was employed by Defendants as a cabinet maker/installer from approximately August 2013 to November 2013 at Defendants' office located in Alpharetta, Georgia.

9.      Defendant Anthony's of GA is organized under the laws of the State of Georgia and is authorized to do business in the State of Georgia.  According to the Georgia Secretary of State's website, Anthony's of GA maintains its principal office at 22 Old Dock Road, Yaphank, NY  11980.  Defendant can be served via its Chief Executive Officer and registered agent, Anthony Pergola, located at 1050 Hedgerose Lane, Roswell, Georgia 30075.

10.     Defendant Anthony's is organized under the laws of the state of New York.  Like Anthony's of GA, Anthony's maintains its principal office at 22 Old Dock Road, Yaphank, NY  11980.  Also like Anthony's of GA, Defendant Pergola is the Chief Executive Officer of Anthony's.

11.     Upon information and belief, Defendant Anthony's is the parent company of Defendant Anthony's of GA.

12.     Defendant Pergola is a resident of Georgia and is subject to service at his principal place of business in Alpharetta, Georgia and at 1050 Hedgerose Lane, Roswell, Georgia 30075.

### *Factual Allegations*

13.     At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d) and were not exempt from the overtime provisions of the FLSA.

14.     At all times relevant to this action, Defendants were joint employers of Plaintiffs.  Defendants controlled the work of Plaintiffs and exercised direct supervision over their work.  Defendants exercised responsibility and control over Plaintiffs' compensation and terms of employment, including the termination of Plaintiff Gering.  They also had the power to, and did, determine Plaintiffs' pay and method of pay.  Moreover, Plaintiffs performed jobs that were integral to Defendants' business.

15.     At all times relevant to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the

meaning of the FLSA, because they had employees engaged in commerce and because their annual gross sales volume exceeds $500,000.

16.     At all times relevant to this action, Defendant Pergola was Defendant Anthony's of GA and Defendant Anthony's owner and Chief Executive Officer, acted in the interest of an employer toward Plaintiffs, exercised responsibility and control over Plaintiffs' compensation and terms of employment, and was a corporate officer with operational control of a corporation's covered enterprise. Therefore, Defendant Pergola may be held liable in his individual capacity as an "employer" for Defendants' FLSA violations.

17.     Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing hereof.

Plaintiffs Gering, Ragin and Kelley

18.     At all times relevant to this action, Defendants classified Plaintiffs Gering, Ragin and Kelley as non-exempt for FLSA purposes and paid them on an hourly basis.

19.     Plaintiffs Gering, Ragin and Kelley were non-exempt employees within the meaning of the FLSA throughout their employment with Defendants and were subject to the overtime provisions of the FLSA.

20.     During their employment, Plaintiffs Gering, Ragin and Kelley worked hours in excess of 40 hours per week for which Defendants failed to compensate them in accordance with the FLSA.  Plaintiffs Gering, Ragin and Kelley's supervisors were aware of the hours Plaintiffs Gering, Ragin and Kelley worked for which they were not compensated.

21.     Plaintiffs Gering, Ragin and Kelley were deprived of compensation to which they were entitled through Defendants' custom and/or practice of failing to credit them for all hours worked.

22.     As a result of this custom and/or practice, Defendants failed to credit and pay Plaintiffs Gering, Ragin and Kelley properly for all overtime hours they worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

23.     Defendants have willfully and intentionally failed and/or refused to compensate Plaintiffs Gering, Ragin and Kelley in accordance with the FLSA.

24.     Additionally, in October 2013, Plaintiff Gering complained to one of his supervisors, Mike Geraghty, because Defendants failed to pay him in accordance with the FLSA.

25.     As part of that conversation, Plaintiff Gering told Mr. Geraghty that he did not want to have to call the labor board and would like to address these issues internally.

26.     Within twenty minutes of the call with Mr. Geraghty, Plaintiff Gering received a telephone call from Defendant Pergola.  Defendant Pergola cussed at Plaintiff Gering and called him a "loser" and a "piece of garbage."

27.     Defendant Pergola also told Plaintiff Gering that he "was gone" and that he should meet him in the office that afternoon to get his last check.  He further told Plaintiff Gering that he "doesn't do business with people who go to the labor board."

28.     When Plaintiff Gering returned to the office, Defendant Pergola gave Plaintiff Gering a check that purportedly represented the compensation that Defendants owed to Plaintiff Gering.  The check, however, did not contain all of the compensation that Defendants owed to Plaintiff Gering.  When Plaintiff Gering complained to Defendant Pergola, Defendant Pergola told Plaintiff Gering that Defendants were not going to pay him an overtime premium.

Plaintiff Griner

29.     From approximately August 2013 to September 2013, Defendants classified Plaintiff Griner as non-exempt for FLSA purposes and paid him on an hourly basis.

30.     From approximately September 2013 to November 2013, Defendants classified Plaintiff Griner as exempt for FLSA purposes and paid him a specified weekly salary.

31.     At all relevant times, Plaintiff Griner was a non-exempt employee within the meaning of the FLSA and was subject to the overtime provisions of the FLSA.

32.     Throughout his employment, Plaintiff Griner worked hours in excess of 40 hours per workweek for which Defendants failed to compensate him at a rate of pay equal to one and one half times his regular rate.  Plaintiff Griner's supervisors were aware of the hours Plaintiff Griner worked for which he was not properly compensated.

33.     Plaintiff Griner was deprived of compensation to which he is entitled through Defendants' customs and/or practices of (1) failing to credit him for all hours worked and (2) misclassifying Plaintiff Griner as exempt from the overtime provisions of the FLSA.

34.     As a result of these customs and/or practices, Defendants failed to credit and pay Plaintiff Griner properly for all overtime hours he worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

35.     Defendants have willfully and intentionally failed and/or refused to compensate Plaintiff Griner in accordance with the FLSA.

36.     Plaintiffs have retained The Weiner Law Firm LLC to represent them in this action and accordingly have incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

37.     Plaintiffs consent to participate in this collective action.  Plaintiffs' consents are attached hereto as Exhibit 1 and are a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

### (Overtime Compensation Due Under 29 U.S.C. § 207 On Behalf Of Plaintiff Gering)

38.     Plaintiffs re-allege paragraphs 1 through 37 above and incorporate them here by reference.

39.     By engaging in the conduct described above, Defendants failed to pay Plaintiff Gering at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

40.     Defendants' actions in failing to compensate Plaintiff Gering in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff Gering.

41.     As a result of Defendants' violation of the FLSA, Plaintiff Gering is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 2

### (Overtime Compensation Due Under 29 U.S.C. § 207 On Behalf Of Plaintiff Jackson)

42.     Plaintiffs re-allege paragraphs 1 through 37 above and incorporate them here by reference.

43.     By engaging in the conduct described above, Defendants failed to pay Plaintiff Jackson at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

44.     Defendants' actions in failing to compensate Plaintiff Jackson in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff Jackson.

45.     As a result of Defendants' violation of the FLSA, Plaintiff Jackson is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 3

### (Overtime Compensation Due Under 29 U.S.C. § 207 On Behalf Of Plaintiff Ragin)

46.     Plaintiffs re-allege paragraphs 1 through 37 above and incorporate them here by reference.

47.     By engaging in the conduct described above, Defendants failed to pay Plaintiff Ragin at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

48.     Defendants' actions in failing to compensate Plaintiff Ragin in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff Ragin.

49.     As a result of Defendants' violation of the FLSA, Plaintiff Ragin is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and

costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 4

**(Overtime Compensation Due Under 29 U.S.C. § 207 On Behalf Of Plaintiff Griner)**

50.     Plaintiffs re-allege paragraphs 1 through 37 above and incorporate them here by reference.

51.     By engaging in the conduct described above, Defendants failed to pay Plaintiff Griner at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

52.     Defendants' actions in failing to compensate Plaintiff Griner in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff Griner.

53.     As a result of Defendants' violation of the FLSA, Plaintiff Griner is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 5

**(Retaliation Under 29 U.S.C. § 215 On Behalf Of Plaintiff Gering)**

54.     Plaintiffs re-allege paragraphs 1 through 37 above and incorporate them here by reference.

55.     This cause of action arises from Defendants' unlawful and willful retaliation against Plaintiff Gering in violation of the FLSA.

56.     In October 2013, Defendants retaliated and discriminated against Plaintiff Gering in violation of 29 U.S.C. § 215(a)(3) when they terminated his employment in response to his attempt to assert his rights to overtime compensation under the FLSA.

57.     As a direct result of Defendants' retaliatory and discriminatory actions alleged herein, Plaintiff Gering suffered and will continue to suffer mental anguish, emotional distress, humiliation, embarrassment, pain and suffering, loss of the enjoyment of life, and loss of pay and benefits, both past and future.

58.     Plaintiff Gering is entitled to back and front pay, liquidated damages, compensatory damages including mental anguish, emotional distress, attorneys' fees, costs of suit, and all other damages available at law or in equity.

## PRAYER FOR RELIEF

WHEREFORE, with respect to Count 1 through 4, Plaintiffs respectfully pray that this Court award Plaintiffs Gering, Ragin, Kelley and Griner:

  i.  damages in the amount of their respective unpaid overtime wages pursuant to the FLSA;

  ii.  an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

  iii.  prejudgment interest;

  iv.  costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

  v.  reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

  vi.  such other and further relief as this Court may deem just and proper.

With respect to Count 5, Plaintiffs respectfully pray that this Court award Plaintiff Gering:

  i.  back and front pay, liquidated damages, compensatory damages including those for mental anguish and emotional distress, and all other damages available at law or in equity;

  ii.  prejudgment interest;

iii.    costs of suit, including expenses incurred herein, pursuant 29

U.S.C. § 216(b);

iv.    reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

v.    such other and further relief as this Court may deem just and

proper.

## <u>DEMAND FOR JURY TRIAL</u>

**Plaintiffs hereby demand a jury trial on all claims for which they have a right to a jury.**

DATED: November 15, 2013

By: <u>s/ Andrew L. Weiner</u>
Andrew L. Weiner
Georgia Bar No. 808278
aw@atlantaemployeelawyer.com
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center | 3rd Floor
Atlanta, GA  30305
Tel.: (404) 254-0842
Fax: (866) 800-1482

COUNSEL FOR PLAINTIFF