UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TYLER GERING, DAN GRINER, STANLEY RAGIN, and JACKSON KELLEY<br><br>Plaintiffs,<br><br>v.<br><br>ANTHONY'S CUSTOM CLOSETS OF ATLANTA, LLC; ANTHONY'S CUSTOM CLOSETS, INC., and ANTHONY PERGOLA,<br><br>Defendants. | CIVIL ACTION<br>No. 1:13-cv-3803-SCJ |

## ORDER

This matter is before the Court on the parties' joint motion to approve settlement of this litigation brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* [Doc. No. 11].

A settlement has been reached between the parties with regards to Plaintiffs' claims against Defendants. Once an employee brings an action under the FLSA, a district court must scrutinize any proposed settlement of that action for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court has reviewed Plaintiffs' complaint, the parties' motion, and the settlement agreement. These documents sufficiently show that this action contains a *bona fide*

dispute and that there are litigation risks for both sides if this action were to proceed. Based on these facts, the Court determines that the parties' settlement agreement presents a fair and reasonable resolution to Plaintiffs' claims.

Generally, when scrutinizing FLSA settlements, district courts must also consider "the amount of plaintiffs' attorney's fees paid pursuant to those settlements." *Longcrier v. HL-A CO., Inc.*, Civil Action 08-0011-WS-C, 2009 WL 971297, at *1 (S.D. Ala. Apr. 8, 2009). However, such a review is not necessary when "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Here, although it does not appear that Plaintiffs' attorneys' fees were negotiated separately from the amount of settlement proceeds Plaintiffs will receive, the Plaintiffs (collectively) are set to receive $5,200 in back pay, $5,200 in liquidated damages, and $100 for their personal injuries.[1] The settlement agreement appears reasonable on its face, and the Court does not believe Plaintiff's attorneys' fees were agreed to at the expense of Plaintiffs' claims. As a result, the Court does not need to analyze the reasonableness of Plaintiffs' attorneys' fees agreed to in the parties' settlement agreement.

---

[1] Thus, the Plaintiffs will receive a total of $10,500 and Plaintiffs' attorneys shall receive $7,000 in cost and fees.

## CONCLUSION

For the above-stated reasons, the parties' joint to approve settlement [Doc. No. 11] is hereby **GRANTED**. Accordingly, the parties' mutual settlement agreement and general release [Doc. No. 11-2] is hereby **APPROVED** and incorporated herein. This Court shall retain jurisdiction over this matter until the term set forth in paragraph 9 of the settlement agreement has been satisfied. The parties are **DIRECTED** to file a stipulation of dismissal with prejudice in accordance with the terms of the settlement agreement.

IT IS SO ORDERED, this 6th day of February, 2014.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE